UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
　 )
　　　　Plaintiff, )
　 )　　CIVIL ACTION NO.
　　v. )
　 )
　 )
ANDY CHEVROLET, d/b/a/ )
SIMS CHEVROLET, )
　　　　Defendant. )　　COMPLAINT AND DEMAND
　 )　　FOR JURY TRIAL

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race (Black) and retaliation, and to provide appropriate relief to Keith Hall and a class of Black employees (the "class") who have been adversely affected by discriminatory practices at Andy Chevorlet, d/b/a/ Sims Chevrolet. As set forth in more detail below, the Commission alleges that Keith Hall and the class were subjected to disparate terms and conditions of employment and subjected to a racially hostile work environment. The Commission further alleges that Keith Hall was subjected to retaliation for his complaints about the harassing conduct.

## JURISDICTION AND VENUE

1.　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This Title VII action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section

2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Andy Chevorlet, d/b/a/ Sims Chevrolet ("Defendant"), has continuously sold and serviced new and used cars and is a Ohio corporation doing business in the State of Ohio, and the city of Lyndhurst, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h) and within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Keith Hall filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least July 2007 Defendant Employer has engaged in unlawful employment practices at its Lyndhurst, Ohio facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by discriminating against Keith Hall and the class by subjecting them to disparate terms and conditions of employment and a hostile work environment, based on their race. The unlawful employment practices included the following:

   a.  Referring to Keith Hall and the class as "stupid nigger" "tar baby" "lot boys" "midnight" "educated nigger", comparing Keith Hall to a pair of black shoes, asking Black employees if they are having watermelon and chicken for lunch and commenting that a Black employee "stunk like a gorilla";

   b.  Telling inappropriate racial jokes;

   c.  Racially dividing sales teams so to assign all black salesmen to a black manager (Keith Hall), and assigning all white salesmen to a white manager.

9.  Since at least July 2007 Defendant Employer has engaged in unlawful employment practices at its Lyndhurst, Ohio facility in violation of § 704 (a) (1) of Title VII, 42 U.S.C. § 2000e-3(a), by discriminating against Keith Hall based on retaliation. The unlawful employment practices included refusing to pay Keith Hall his weekly draw for two consecutive weeks following EEOC's issuance of its Determination in the investigation into Mr. Hall's allegations of race discrimination.

10. The effect of the practices complained of in paragraphs 8 and 9 above has been to deprive Keith Hall and the class of equal employment opportunities and otherwise adversely affect his employment status because of their race an retaliation

11. The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

12. The unlawful employment practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Keith Hall and the class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and retaliation, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a) and Section 704 (a) (1) of Title VII, 42 U.S.C. § 2000e-3(a).

B.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race or retaliation.

C.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Black employees which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant to make whole Keith Hall and the class by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, an offer of reinstatement to their rightful-place positions, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

E.  Order Defendant to make whole Keith Hall and the class whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

F.     Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, to Keith Hall and the class whose wages are being unlawfully withheld as a result of the acts complained of above.

G.     Order Defendant to pay Keith Hall and the class punitive damages for its malicious and reckless conduct described in paragraphs 8-9 above, in amounts to be determined at trial.

H.     Order Defendant to make whole Keith Hall and the class by providing compensation for pecuniary losses, including job search expenses.

I.     Order Defendant to make whole Keith Hall and the class by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, in amounts to be proven at trial.

J.     Order Defendant to make whole Keith Hall and the class by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to their rightful place promotion and/or front pay.

K.     Grant such further relief as the Court deems necessary and proper in the public interest.

L.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the Complaint.

>Respectfully submitted,
>
>RONALD S. COOPER
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>JACQUELINE H. McNAIR
>Regional Attorney
>
>*/s/ Terrence R. Cook*
>TERRENCE R. COOK
>Supervisory Trial Attorney
>EEOC
>801 Market Street
>Penthouse Suite
>Philadelphia, PA 19107
>(215) 440-2688

7